UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kirill Z., | File No. 26-CV-899 (JMB/DTS) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement and Removal Operations, St. Paul Field Office*, | ORDER |
| Respondents. | |

Malinda Schmiechen, Minneapolis, MN, for Kirill Z.

Friedrich A.P. Siekert and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

This matter is before the Court on Petitioner Kirill Z.'s[1] Amended Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 4 [hereinafter, "Am. Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Daren K. Margolin, David Easterwood, and Peter Berg[2] (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

## FINDINGS OF FACT[3]

1. Kirill Z. is a native and citizen of Russia who entered the United States on September 9, 2023, seeking asylum. (Am. Pet. ¶ 12.)

2. Kirill Z. has a pending asylum application and does not have a final order of removal entered against him. (*Id.* ¶ 13.)

3. On January 12, 2024, the Department of Homeland Security's ICE office released Kirill Z. from their custody pursuant to 8 U.S.C. § 1182(d)(5)(A). (*Id.* ¶ 14.)

4. Kirill Z. has no criminal history. (*Id.* ¶ 15.)

5. Since his release, Kirill Z. has been employed pursuant to lawful employment authorization and has complied with all the terms of his parole, and later, made a good faith effort to comply with the conditions imposed by the Intensive Supervision Appearance Program (ISAP) after his initial release from ICE custody.[4] (*Id.*)

6. On January 30, 2026, Kirill Z. appeared at his scheduled in person check-in with ISAP, at which point he was arrested and detained. (*Id.* ¶¶ 16–17.)

7. Kirill Z. is believed to be currently detained at the Whipple Building, located

---

[3] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

[4] ISAP conditions included taking a photo of himself on a regular basis using an ISAP phone application. (Am. Pet. ¶ 15.) On December 25, 2025, and January 2, 2026, Kirill Z. overslept his alarm and did not take a picture of himself during the prescribed time required by ISAP. (*Id.* ¶ 16.) Kirill Z. communicated with ISAP officers that because he worked overnights, he was asleep and had not heard the alarms. (*Id.*) Subsequently, Kirill Z. has continued to comply with ISAP conditions. (*Id.*)

in Fort Snelling, Minnesota. (*Id.* ¶ 21.)

8. On January 30, 2026, Kirill Z. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The same day, the Court issued an order to show cause for Respondents to show why the writ should not be granted, and enjoining Respondents from moving Petitioner out of the District of Minnesota. (Doc. No. 3.) Additionally, Respondents were to file a response concerning whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioners immediate release. (*Id.*) Kirill Z. filed an Amended Petition on February 1, 2026. (Doc. No. 4.)

9. The Court ordered Respondents to file a response by February 2, 2026, at 11:00 a.m. CT. (*Id.*) That deadline has now passed, and Respondents did not respond.

## DISCUSSION

Because Respondents failed to timely respond to the Petition, the Court considers the relief in the Petition to be unopposed and therefore grants the Petition.[5] As a separate and independent basis for granting the Petition, the Court finds for Kirill Z. on the merits as set forth below.

### A. Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of

---

[5] *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is a waiver of claims)).

the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

B.   **Interpretation of Section 1225**

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL

2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Kirill Z. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States. Indeed, the argument is even at odds with Respondents' practice in this case. The fact that Respondents released him on parole in 2024 (Am. Pet. ¶¶ 14–15), is further confirmation that he is subject to section 1226(a).

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens

who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Kirill Z.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention.

### C.  Independent Grounds for Relief

The Court also grants the Petition and orders release for two other, independent reasons. First, the Court ordered Respondents to explain why the lack of an administrative warrant in this case should not result in Kirill Z.'s immediate release (Doc. No. 3.), to

which Respondents failed to answer. The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). Therefore, the Court grants the Petition and orders Kirill Z.'s immediate release.[6]

Second, the Court grants the request for immediate release because it is persuaded by the analysis of the court in *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420 (E.D.N.Y. Nov. 28, 2025). Like the petitioner in Rodriguez-Acurio, Kirill Z. was previously released on temporary parole, did not violate any terms of the release, and remains in the United States with a pending asylum and withholding-of-removal application. (Am. Pet. ¶¶ 14–17.) Thus, separately and independently from the reasons noted above, the Court orders that Kirill Z. be released on these grounds as well.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED in part and

---

[6] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition. The Court also does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; counsel may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota, subject to and in accordance with the conditions of his preexisting parole dated January 12, 2024, and in any event no later than <u>4:00 p.m. CST on February 3, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 4, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 4, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property and the legal basis for retention).

3. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 2, 2026                         /s/ *Jeffrey M. Bryan*
                                                                       Judge Jeffrey M. Bryan
                                                                       United States District Court